CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 30 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **WAKEEL ABDUL-SABUR,** | ) CASE NO. 7:19CV00840 |
| | ) |
| Petitioner, | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| **UNITED STATES OF AMERICA,** | ) By: Hon. Glen E. Conrad |
| | ) Senior United States District Judge |
| Respondent. | ) |

Petitioner Wakeel Abdul-Sabur, an inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Abdul-Sabur challenges his confinement under the sentence imposed by this court on May 31, 2000, Case No. 6:99CR30073, for sending threatening communications. Upon review of the record, the court concludes that the petition must be summarily dismissed.

I.

On March 8, 2000, Abdul-Sabur pleaded guilty in the United States District Court for the Western District of Virginia, pursuant to a written plea agreement, to Count One of an indictment, charging him with two counts of mailing a threatening communication, in violation of 18 U.S.C. § 876. The Presentence Investigation Report ("PSR") stated, "Since [Abdul-Sabur] was at least eighteen years old at the time [he] committed the instant offense of conviction, the instant offense of conviction is a felony that is a crime of violence, and the defendant has at least two prior felony convictions of a crime of violence, the defendant is a career offender" under U.S.S.G. § 4B1.1. The PSR found that Abdul-Sabur's career offender offense level under § 4B1.1(F) was 17, reduced by three points for acceptance of responsibility, for a total offense level of 14. With his criminal history category of VI, the PSR found that Abdul-Sabur's

sentencing guideline range was 37 to 46 months in prison. The court sentenced Abdul-Sabur to a term of imprisonment of 46 months, to be served consecutive to any other sentence.

The United States Court of Appeals for the Fourth Circuit affirmed the judgment. United States v. Sabur, 238 F.3d 417 (4th Cir. 2000) (unpublished), cert. denied, 532 U.S. 936 (2001). Abdul-Sabur has also unsuccessfully sought post-conviction relief on numerous occasions. See, e.g., Abdul-Sabur v. United States, No. 7:05CV00189 (W.D. Va. April 7, 2005) (summarily dismissed as untimely filed and without merit). In the instant § 2241 petition, Abdul-Sabur argues that his federal sentence should be vacated under United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), cert. denied, 139 S. Ct. 1316 (2019).

II.

A prisoner must generally use a motion pursuant to 28 U.S.C. § 2255 to collaterally attack the legality of his detention under a federal judgment. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). A district court cannot entertain a § 2241 petition challenging the lawfulness of a federal inmate's detention unless a § 2255 motion would be "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); Wheeler, 886 F.3d at 423.

"[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted). Rather, the Fourth Circuit has concluded that § 2255 is inadequate and ineffective to test the legality of a federal criminal sentence when these specific factors are present:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct

2

appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. Because Abdul-Sabur's § 2241 petition does not rely on a retroactively applicable change in substantive law after his direct appeal and first § 2255 motion, he cannot satisfy the requirements of Wheeler to bring his petition under the savings clause in § 2255. Accordingly, the court does not have jurisdiction to address his claims under § 2241 and will summarily dismiss his petition without prejudice. An appropriate order will issue herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 30TH day of January, 2020.

_____
Senior United States District Judge