CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 18 2020

JULIA C. DUDLEY, CLERK
BY: /s/ A. Siagle
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **WAKEEL ABDUL-SABUR,** | ) | CASE NO. 7:19CV00840 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Petitioner, Wakeel Abdul-Sabur, an inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, demanding to be resentenced on his conviction in this court on May 31, 2000, Case No. 6:99CR30073, for sending threatening communications. He claimed that the decision in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019), provided grounds for this relief. By opinion and order entered January 30, 2020, the court summarily dismissed the petition, because Abdul-Sabur had not identified a retroactive change in law that made his sentence fundamentally defective. Wheeler, 886 F.3d at 429 (stating standard to raise sentencing claim in § 2241 petition). Abdul-Sabur now moves to alter or amend that dismissal order under Rule 59(e) of the Federal Rules of Civil Procedure.

"A Rule 59(e) motion may be granted only in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks and citation omitted). "It is an extraordinary remedy," to be granted only in "exceptional circumstances." Id. The rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."

Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n. 5 (2008) (internal quotation marks and citation omitted).

Applying these principles, the court concludes that Abdul-Sabur is not entitled to relief under Rule 59(e). He merely asks the court to reconsider its ruling and still fails to identify a particular retroactive change in law that qualifies him for relief under the Wheeler standard. Accordingly, the court will deny his motion. An appropriate order will enter herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 18th day of February, 2020.

_____
Senior United States District Judge